UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES ALDRIDGE,

    Plaintiff,

v.    Case No. 8:08-cv-1712-T-17-TGW

INTEGRATED AIRLINE SERVICES,
INC., etc.,

    Defendant.

_____

## ORDER

This cause is before the Court on a Motion for Summary Judgment filed by Defendant Integrated Airline Services (Dkt. 18) in response to Plaintiff James Aldridge's Amended Complaint (Dkt. 10.) Although the Court specifically informed the Plaintiff that he needed to file a response, or the Motion for Summary Judgment would be resolved without his input, Plaintiff has not responded to Defendant's motion.

### *PROCEDURAL HISTORY*

Plaintiff initiated this action on June 26, 2008, by filing a complaint in the Sixth Judicial Circuit for Pinellas County, Florida, alleging common law negligence. On September 2, 2008, Defendant removed this action to this Court on the basis of diversity jurisdiction. Defendant filed a Motion to Dismiss the Complaint for failure to state a claim upon which relief could be granted on September 4, 2008. Defendant's motion was granted without prejudice on September 22, 2008. Plaintiff filed an Amended Complaint on September 23, 2008.

Plaintiff's counsel, Carlson & Meissner, filed a motion to withdraw as attorney on June 11, 2009, citing their client's lack of communication and cooperation with this action. The

motion was granted on June 15, 2009. On June 16, 2009, Defendant filed the instant motion. Plaintiff was directed to respond to Defendant's motion by July 20, 2009, and has failed to do so.

## STATEMENT OF FACTS

On July 12, 2006, Plaintiff alleges he was injured as a result of an accident that occurred while he was working at Defendant's mail sorting facility. At the time of the accident, Plaintiff was a supervisor with Midwest Transport, a contractor for the United States Postal Service. Plaintiff was at Defendant's facility on July 12 to train a group of new employees. Plaintiff was standing on a dock leveler, a device used to as a bridge between mail trucks and the warehouse floor, when part of it fell away, causing Plaintiff to fall back onto the leveler.[1] The injury was sustained when Plaintiff stepped onto the "lip" of the leveler, a thin piece of metal that lays over the back of an open truck and creates a bridge between the truck and the rest of the leveler.

Prior to the accident, Plaintiff had experience with dock levelers, and had operated dock levelers similar to the one involved in the accident. After the accident occurred, a technician inspected and tested the dock leveler, and found it to be in working order and not in need of any repairs. Plaintiff alleges that he was a business invitee on Defendant's premises, and that Defendant breached its duty to Plaintiff by not repairing the dock leveler prior to the accident, and/or not warning Plaintiff of its defective condition.

## STANDARD OF REVIEW

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

---

[1] In the Amended Complaint, Plaintiff alleges that he fell "to the concrete driveway below." (Complaint at 8.) During his deposition, however, Plaintiff stated that he actually fell back onto the dock leveler. (Aldridge Dep. 48:6-8.)

2

genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

No genuine issue of material fact exists when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). All evidence is to be construed in favor of the non-moving party, and that party must receive the benefit of all favorable inferences that can be drawn from the evidence. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The moving party has the initial burden of proving that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986). However, once the moving party has met that burden, the non-moving party cannot rest on the Complaint alone: it must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 477 U.S. at 586.

## *CHOICE OF LAW*

Defendant has removed this action to federal court based upon diversity jurisdiction, pursuant to 28 U.S.C. § 1332. State law applies to any issue not governed by the Federal Constitution, treaties, or Acts of Congress. 28 U.S.C. § 1652; *see also Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Since the accident occurred at Defendant's facility in Florida, Florida law applies.

## *DISCUSSION*

Defendant does not dispute that Plaintiff was a business invitee on its premises at the time of the accident. Therefore, Defendant owed Plaintiff two duties: (1) a duty to reasonably

maintain the safety of the premises, and (2) a duty to warn Plaintiff of any concealed hazards on the premises. *St. Joseph's Hosp. v. Cowart*, 891 So.2d 1039, 1040 (Fla. 2d DCA 2004).

Plaintiff has failed to produce any evidence to suggest that the dock leveler involved in the accident was in any way defective. Further, Defendant has shown that there was nothing detectably wrong with the dock leveler when it was inspected after the accident. Plaintiff has not disputed the inspection's findings that the dock leveler was in working order and did not need repairs, or the statements from Defendant's employees that nothing noticeable was wrong with the dock leveler on the day Plaintiff was injured.

Without disputing any of the evidence produced by Defendant, or providing evidence to support his claim, Plaintiff cannot succeed against a Motion for Summary Judgment by simply resting on the allegations in his complaint. Accordingly, it is

**ORDERED** that Defendant's Motion for Summary Judgment (Dkt. 18) be granted. The Clerk is directed to enter judgment against Plaintiff Aldridge and to close this case.

**DONE** and **ORDERED** in Tampa, Florida, this 20th day of July, 2009.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsels of record